UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRAME KALI KANONGATAA, | Case No. 2:20-cv-01116-JAM-JDP (PC) |
| Plaintiff, | SCREENING ORDER |
| v. | ORDER THAT PLAINTIFF: |
| SCOTT JONES, *et al.*, | (1) FILE A THIRD AMENDED COMPLAINT; OR |
| Defendants. | (2) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS COMPLAINT, SUBJECT TO DISMISSAL OF CLAIMS AND DEFENDANTS CONSISTENT WITH THIS ORDER |
| | ECF No. 17 |
| | SIXTY-DAY DEADLINE |

Plaintiff Grame Kali Kanongataa is a county jail inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. His initial complaint was dismissed with leave to amend. ECF No. 9. Plaintiff has since filed two amended complaints, ECF Nos. 14 & 17, and I will screen the latter.[1]

---

[1] Subsequent complaints supersede their predecessors. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Therefore, I will consider only the second amended complaint in screening plaintiff's claims.

1

Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Analysis

Plaintiff's first complaint was deficient, in part, because it joined multiple, unrelated claims against more than one defendant in violation of Fed. R. Civ. P. 20(a)(2). ECF No. 9 at 3. He has done the same in his second amended complaint. The immediate complaint is difficult to read because plaintiff's handwriting is cramped and small. Nevertheless, I can make out at least

three unrelated claims.

First, plaintiff challenges the validity of his conviction and argues that various Sacramento County agencies conspired to coerce him into taking a plea deal. ECF No. 17 at 3. This claim may be brought, if at all, in a habeas petition.[2] *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement . . . . He must seek federal habeas corpus relief (or appropriate state relief) instead.") (internal quotation marks and citations omitted). In his requested relief, plaintiff also references ongoing state criminal proceedings and asks that I halt them by "emergency injunction." ECF No. 17 at 11. Federal courts are, in most circumstances, prohibited from interceding in ongoing state criminal proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). There are limited exceptions, such as where a defendant is subjected to double jeopardy. *See Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992). I have reviewed the complaint and those exceptions do not appear to be present.

Plaintiff's second and third claims challenge county officials' decisions[3] to take custody of his children. In his second claim, he challenges the placement of his children in foster care in October of 2015 after his arrest. ECF No. 17 at 5. In his third claim, plaintiff alleges that, in May 2016, county officials took custody of his day-old infant. *Id.* "The Fourteenth Amendment guarantees that parents will not be separated from their children without due process of law except in emergencies." *Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1107 (9th Cir. 2001). The right to familial associations has both a procedural and substantive component. *Keates v. Koile*, 883 F.3d 1228, 1236 (9th Cir. 2018). "While the right is a fundamental liberty interest, officials may interfere with the right if they provide the parents with fundamentally fair procedures." *Id.* (citations and quotations omitted). The right to familial association is violated where "a state official removes children from their parents without their consent, and without a court order, unless information at the time of the seizure, after reasonable

---

[2] Later in his complaint, plaintiff argues that his defense counsel was ineffective. ECF No. 17 at 6. This claim also must be brought, if at all, in a habeas petition.

[3] In connection with these claims, plaintiff names numerous county agencies and several individual social workers. ECF No. 17 at 5.

investigation, establishes reasonable cause to believe that the child is in imminent danger of serious bodily injury, and the scope, degree, and duration of the intrusion are reasonably necessary to avert the specific injury at issue." *Id*. at 1237-38. Thus, to remove a child from a parent's custody without judicial authorization, government officials must have "reasonable cause to believe that the child is likely to experience serious bodily harm in the time that would be required to obtain a warrant." *Demaree v. Pederson*, 887 F.3d 870, 878 (9th Cir. 2018). "[O]nly official conduct that 'shocks the conscience' is cognizable as a due process violation." *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1075 (9th Cir. 2013). Plaintiff's claims do not meet the foregoing standards because they lack the necessary context. He does not allege what, if any, state proceedings have occurred regarding placement of the children. And these two claims do not appear to be related insofar as the infant was not yet born at the time his other children were allegedly placed in foster care. They cannot proceed in the same action.

Plaintiff may choose to file an amended complaint which addresses these deficiencies, or he may stand on his complaint. If he chooses to stand on his complaint, I will recommend that it be dismissed.

Should plaintiff choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what actions each named defendant took that deprived plaintiff of constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *See Jones*, 297 F.3d at 934. Plaintiff should note that a short, concise statement in which the allegations are ordered chronologically will help the court identify his claims. Plaintiff should describe how each defendant wronged him, the circumstances surrounding each of the claimed violations, and any harm he suffered.

If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint must be complete on its face without reference to

the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Third Amended Complaint" and refer to the appropriate case number.

      Accordingly, it is ORDERED that

      1. Within sixty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes stand by his current complaint.

      2. Failure to comply with this order may result in the dismissal of this action.

      3. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   December 31, 2020

                              JEREMY D. PETERSON
                              UNITED STATES MAGISTRATE JUDGE